# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

**ISMAEL VASQUEZ-FONSECA**                                                  **MOVANT**

v.                                                                     **No. 3:04CV201-M**
                                                                                     **(1:03CR113-M)**

**UNITED STATES OF AMERICA**                                                 **RESPONDENT**

## MEMORANDUM OPINION

This matter comes before the court on the motion by Ismael Vasquez-Fonseca to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. The movant pled guilty to illegally reentering the country after being deported for committing an aggravated felony, in violation of 18 U.S.C. § 1326. In his § 2255 motion, Vasquez-Fonseca alleges that he is an American citizen and thus cannot be deported under 18 U.S.C. § 1326. For the reasons set forth below, the instant motion to vacate, set aside, or correct the sentence of Ismael Vasquez-Fonseca shall be denied.

## Facts and Procedural Posture

On August 28, 2003, the United States charged Ismael Vasquez-Fonseca with illegally reentering the country after being deported for committing an aggravated felony, in violation of 18 U.S.C. § 1326. The charge arose after the movant was arrested on June 13, 2003, in Lowndes County, Mississippi, for providing false information to the sheriff's department. When he was stopped on June 13, the movant first told an officer his name was Ismael Torres. Detective Tony Cooper with the Lowndes County Sheriff's Office then contacted the Bureau of Immigration and Customs Enforcement. In conducting a records check the bureau discovered that the movant was actually Ismael Vasquez-Fonseca, an alien convicted in 1993 for intentionally and knowingly delivering more than five pounds but less than fifty pounds of marijuana, an aggravated felony. On September 19, 1996 the movant had been placed in deportation proceedings by the

immigration office in Laredo, Texas. On October 8, 1996, an Immigration Judge found the defendant deportable. The Immigration Judge held in his order: "Respondent has made no application for relief from deportation . . ." The Judge then hand-wrote, "nor does he appear eligible for any type of relief." The defendant's fingerprints were taken, and on that day, an immigration officer signed a Warrant of Deportation stipulating that he witnessed the movant leave the United States.

After the movant was arrested in Lowndes County, Mississippi, June 13, 2003, his fingerprints were taken and compared to those of Ismael Vasquez-Fonseca, the alien deported on October 8, 1996. The fingerprints matched. The Bureau of Immigration and Customs Enforcement then checked all available records to determine whether Vasquez had received permission from the United States Attorney General's Office for admission into the United States after deportation. The evidence showed that the defendant did not obtain such permission before reentering the United States.

On October 9, 2003, the movant pled guilty to the federal indictment, but on December 11, 2003 moved to withdraw his plea, arguing that the indictment should be dismissed because the Immigration Judge handling his initial removal hearing failed to explain his eligibility pursuant to the Immigration and Nationality Act § 212(c). On January 5, 2004, the court denied the motion, and on February 25, the parties filed an addendum to the original plea agreement, reserving for appeal the issue concerning his initial removal. The court then accepted the plea along with the addendum and entered a judgment on February 26, 2004. From this judgment, the movant timely filed a notice of appeal, and on September 10, 2004, the Fifth Circuit affirmed the district court's decision.

Vasquez-Fonseca has now filed the present motion to vacate, set aside, or correct his sentence, arguing that his counsel was ineffective – and that he is actually innocent of the charge to which he pled guilty. In support of this contention, the movant argues for the first time that he is, in fact, a citizen of the United States, and thus could not have been charged with a violation of 18 U.S.C. § 1326.

During the proceedings under 28 U.S.C. § 2255, counsel for the movant and counsel for the United States discussed with the court the need for an evidentiary hearing – or some alternative means of fact-gathering – to determine whether the movant is actually a United States citizen. As the movant claims citizenship based upon the citizenship of his father, the parties discussed holding an evidentiary hearing and calling the movant's father as a witness. The movant, however, stated that his father was too feeble to make the journey from his home in Texas to the courthouse in Mississippi. The government and movant's counsel then discussed taking a telephonic deposition of the movant's father, but the movant stated that his father was too hard of hearing for such a deposition to be effective. The movant now states that his father has died. The movant has submitted through various motions some unauthenticated documentary evidence to support his claim of citizenship: a Texas birth certificate for Juan Vasquez (the movant's father), an affidavit of Juan Vasquez, the movant's Mexican birth certificate, a certificate stating that the movant received an honorable discharge from the Texas Army National Guard, the marriage license of the movant's parents showing that the movant is their legitimate son, and DNA laboratory results showing a 99.9995% probability that the movant is the son of Juan Vasquez.

## Discussion

A federal prisoner may move to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 for four reasons: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is "otherwise subject to collateral attack." 28 U.S.C. § 2255; *United States v. Cates*, 952 F.2d 149, 151 (5th Cir.1992). Relief under § 2255 is consistent in scope with that obtained through a writ of *habeas corpus*. *Cates*, 952 F.2d at 151. The defendant's motion in this case fails for two reasons. First, the movant did not argue his alleged citizenship in the district court; nor did he pursue a direct appeal of this issue. As such, this issue is procedurally barred. *United States v. Segler*, 37 F.3d 1131, 1133 (5th Cir. 1994). The movant cannot overcome the procedural bar under the "fundamental miscarriage of justice" exception because he refused to have a hearing with witnesses subject to cross-examination by the government. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Second, the movant argues that he did not present the issue concerning his citizenship until now because his counsel was told of this fact but failed to raise this claim. The movant has not, however, carried his burden of proof on this issue. In addition, when given the opportunity to present substantial proof in the form of testimony from his father, the movant repeatedly declined. For these reasons, the instant motion to vacate, set aside, or correct Vasquez-Fonseca's sentence shall be denied.

## Ineffective Assistance of Counsel

In order to prevail on his claim of ineffective assistance of counsel, the movant must prove that his counsel's performance was deficient – and that the deficient performance caused the movant prejudice to his legal position. *Strickland v. Washington*, 466 U.S. 668 (1984).

Under the deficiency prong of the test, the movant must show that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland*, 466 U.S. at 687. The court must analyze counsel's actions based upon the circumstances existing at the time – without using the crystal clarity of hindsight. *Lavernia v. Lynaugh*, 845 F.2d 493, 498 (5th Cir. 1988). The movant "must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland*, 466 U.S. at 689 (citation omitted). To prove prejudice, the movant must demonstrate that the result of the proceedings would have been different or that counsel's performance rendered the result of the proceeding fundamentally unfair or unreliable. *Vuong v. Scott*, 62 F.3d 673, 685 (5th Cir.), *cert. denied*, 116 S.Ct. 557 (1995); *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993); *Sharp v. Johnson*, 107 F.3d 282, 286 n.9 (5th Cir. 1997).

Ismael Vasquez-Fonseca has not met this burden. The movant claims counsel was ineffective because, according to the movant, he is a United States citizen, and his counsel advised him to plead guilty to a one-count indictment charging him with violating 8 U.S.C. § 1326. Section 1326 provides, in pertinent part:

> (a) In general
> Subject to subsection (b) of this section, any *alien* who –
>
> (1) has been denied admission, excluded, deported, or removed or has departed the United States while an order of exclusion, deportation, or removal is outstanding, and thereafter
>
> (2) enters, attempts to enter, or is at any time found in, the United States, unless
>
> (A) prior to his reembarkation at a place outside the United States or his application for admission from foreign contiguous territory, the Attorney General has expressly consented to such alien's reapplying for admission.

8 U.S.C. § 1326(a)(2) (emphasis added). Thus, the movant argues that counsel advised him to plead guilty to a crime he did not commit.

The movant does not dispute that he has been deported based in part upon the finding that he is not a United States citizen. He does not dispute that he returned to the United States without first applying to the Attorney General. Instead, he now argues that he is not an alien – and thus his actions did not meet an element of the offense charged. The movant claims he is a citizen of the United States under 8 U.S.C. § 1401(g) which provides that a person is a citizen of the United States at birth if he is:

> born outside the geographical limits of the United States and its outlying possessions of parents one of whom is an alien, and the other a citizen of the United States who, prior to the birth of such person, was physically present in the United States or its outlying possessions for a period or periods totaling not less than five years, at least two of which were after attaining the age of fourteen years.

8 U.S.C. § 1401(g).

As discussed above, the only evidence provided to support the movant's claim are various unauthenticated documents and affidavits, including one allegedly signed by his father claiming to meet the elements set out in § 1401(g). Based on these assertions and unauthenticated documentation, the movant claims his sentence should be vacated. The movant also claims his father was unable to make the trip to the Northern District of Mississippi where he could be cross-examined as to his statements in the affidavit. When asked whether the movant's father could sit for a telephonic deposition, he explained his father was hard of hearing and would not agree to such a proceeding.

On the evidence provided by the movant, it is not reasonably probable that he would have prevailed at trial with such a defense. *Conley*, 349 F.3d at 841. Movant's counsel was competent and represented his client adequately based on the information given him at the time. The movant now claims defense counsel knew his father was an American citizen, but the affidavits provided do not state *when* this information was allegedly relayed. Defense counsel

did, however, know that the movant had been deported in 1996 *without raising the defense of United States citizenship*. Counsel was extremely familiar with the movant's deportation proceeding and attacked that proceeding before this court. When counsel's arguments did not win the day, he advised the movant to enter a conditional plea and pursued arguments before the Fifth Circuit. *Throughout the entire process surrounding the movant's prior deportation proceeding (at which the movant was represented by a lawyer specializing in immigration matters) the movant never claimed to be an American citizen.* It was, therefore, reasonable for counsel to assume the movant was indeed an alien in the United States. As such, the movant's claim that counsel was ineffective for failing to argue actual innocence based upon citizenship in the United States does not meet either prong of the *Strickland* standard and shall be dismissed.

## No Fundamental Miscarriage of Justice

One seeking relief under 28 U.S.C. § 2255 who has committed a procedural default may be excused from the default and obtain Federal review of his Constitutional claims by demonstrating that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *Sawyer v. Whitley*, 505 U.S. 333, 339 (1992); *Dugger v. Adams*, 489 U.S. 401, 411 N. 6 (1989); *Smith v. Murray*, 477 U.S. 527, 537-38 (1986); *Murray v. Carrier*, 477 U.S. 478, 495-96 (1986); *Engle v. Issac*, 456 U.S. 107, 135 (1982); *Wainwright v. Sykes*, 433 U.S. 72, 91 (1977). The movant's underlying claim of actual innocence because he is a United States citizen fails. The movant was provided the chance to introduce a competent witness (his father) to testify to prove that assertion – either by appearing in person before the court or via a telephonic deposition. Ismael Vasquez-Fonseca declined. Each party has the right to cross-examine its adversary's witnesses, subject to control by the

court in its discretion. *United States for Use of Tenn. Val. Authority v. Robertson*, 354 F.2d 877 (5th Cir. 1966). The movant would not agree to provide the witness necessary to substantiate his defense of citizenship for cross-examination by the government.[1] The movant now claims that his father has died. As such, the court can only use the unauthenticated evidence provided thus far, which is simply insufficient to support the movant's claim. He must make a stronger showing than unauthenticated documents and affidavits to prevail on his claim of United States citizenship. He has not, and the present motion shall be denied.

In sum, the movant's claims of actual innocence and ineffective assistance of counsel must fail, and the instant motion to vacate, set aside, or correct the movant's sentence is hereby **DENIED.** A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 28th day of March, 2008.

        **/s/ MICHAEL P. MILLS**
        **CHIEF JUDGE**
        **UNITED STATES DISTRICT COURT**
        **NORTHERN DISTRICT OF MISSISSIPPI**

---

[1] The court finds it strange that the movant would so adamantly oppose introduction of testimony of a witness who – according to the movant – would completely exonerate him of the crime of his conviction.